TRUE BLAKE

*v.*

JAMES SWEETING *et al.*

|121    67
|197    ²342

*Filed at Ottawa May 12, 1887.*

1. PARTNERSHIP—*dissolution—by withdrawal of one partner.* A partnership, when not formed for any definite time, may be dissolved by any member of the firm, at his pleasure. The withdrawal of one of the members of a firm is, in fact and in law, a dissolution of the firm.

2. Where one of three partners abandoned the business and property of the firm, and refused to participate in a settlement of the business, saying the other partners might settle as they pleased, this was held a dissolution of the firm; and when the other two took the partnership effects and credited the old firm with the same, and entered into a new partnership, it was held that the dissolution was assented to by all the members of the old firm.

3. LIMITATION—*as to an accounting between partners.* Upon the dissolution of a partnership, a right of action accrues to either partner to have an accounting of the partnership affairs, and the Statute of Limitations then begins to run, and the bar to the action will be complete in five years thereafter.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding.

The original bill was filed by plaintiff in error on June 7, 1876, to effect a settlement of the co-partnership of Blake, Huston & Co., a firm composed of True Blake, John Huston and James Sweeting. Sweeting answered, admitting the partnership, but averred its dissolution and business ended in January, 1871, and set up and relied on the Statute of Limitations as a bar to the complainant's right of action. On December 4, 1877, plaintiff in error amended his bill, alleging that after Huston had gone away, in the spring of 1871, the complainant and Sweeting continued the business of the firm during that year, and praying account as to such year's business. Sweeting answered the amended bill, and averred, that after Huston went away, Blake and himself, in the spring of 1871, went into business together on their own account, as Blake & Sweeting, using the property of the old firm, but conducting a separate business and opening new books of account, and that the business of the new firm continued till the month of January, 1872, when it closed, and setting up and relying upon the Statute of Limitations as to the matters disclosed in the amended bill.

The fact appears to be, that early in 1868 a co-partnership was formed, under the style of Blake, Huston & Co., between True Blake, John Huston and James Sweeting, for the manufacture and laying of brick,—Blake being the brick-maker and Huston and Sweeting the brick-layers,—and that the firm continued in business till early in 1871. About April, 1871, Huston went away, abandoned the business of the firm, and thereafter had nothing to do with its business or affairs. Blake kept the books of the concern, but there had been no settlement of its affairs between the partners. Blake went to Griggsville to get Huston to join in a settlement, and Huston promised to come to Normal for that purpose, but instead, Huston wrote Blake there was no use in his coming, as he had no money, and that Blake and Sweeting could settle the partnership as they pleased. Thereafter, and about June,

1871, Blake and Sweeting acquiescing in Huston's withdrawal, formed a new partnership, under the style of Blake & Sweeting. The property of the old firm then on hand was credited to the old firm on its firm books, and the same was taken by the new firm and was used in conducting its business, which continued till the following winter, when it went out of business, the partners separated, and no longer did business together as a firm. Neither Blake, Huston & Co. nor Blake & Sweeting ever had a formal settlement of their affairs. The firm property was almost exclusively controlled by Blake until taken in execution, sold, or otherwise disposed of.

The circuit court found and decreed that the firm of Blake, Huston & Co. was formed in June, 1868, and continued in business till April, 1871, when it was dissolved; that in June, 1871, Blake and Sweeting entered into partnership, which partnership continued until January, 1872, when it, also, was dissolved, and that the business of neither firm had been fully settled, and that the Statute of Limitations relied on by the defendant Sweeting in his answers, had run against the complainant Blake before the filing of his original and amended bills, and dismissed the bill as against Sweeting,—and this decree the Appellate Court for the Second District affirmed.

Mr. THOMAS F. TIPTON, for the plaintiff in error:

The Statute of Limitations applies to actions of account, either at law or in equity. *Todd* v. *Rafferty,* 30 N. J. Eq. 257; *Cowan* v. *Perine,* 3 C. E. Green, 457.

When the accounts have been closed for six years, and there has been acquiescence for that period, unexplained by circumstances, and not controverted by an acknowledgment, the statute constitutes an insuperable bar. *Barber* v. *Barber,* 18 Ves. 286; *Tatam* v. *Williams,* 3 Hare, 357; Story on Partnership, sec. 233, note 4; Cole on Partnership, sec. 374.

But the statute has no application to a case where there have been dealings within six years, where assets have been

converted into money, or assets have been applied in discharge of partnership liabilities, within that period, and no settlement has ever been made.   And in such a case, the statute does not begin to run against each item from the time it becomes a part of the account, but if a part of the account be within six years, that part of it draws after it the items before six years, so as to protect them from the statute.   *Stout* v. *Seabrooks*, 3 Stew. 184; *Coster* v. *Murray*, 5 Johns. Ch. 530; *Miller* v. *Miller*, L. R. (8 Eq.) 499.

Mr. Owen T. Reeves, for the defendants in error:

The Statute of Limitations commences to run against a bill for the settlement of partnership accounts from the time of the dissolution of the partnership.   *Pierce* v. *McClellan*, 93 Ill. 245; *Shelmire's Appeal*, 70 Pa. St. 288; *McKelvey's Appeal*, 72 id. 408; *Knox* v. *Gye*, 4 H. L. 44; *Martin* v. *Heathcote*, 2 Edw. 169; *Barber* v. *Barber*, 18 Ves. 286; *Foster* v. *Hodgson*, 19 id. 180; *Patterson* v. *Brown*, 6 Mon. 11; *Codmars* v. *Rodgers*, 10 Pick. 112.

Mr. Justice Shope delivered the opinion of the Court:

The co-partnership of Blake, Huston & Co. was in fact and in law dissolved by the withdrawal of Huston, in April, 1871, and his abandonment of its business.   It was not a co-partnership for a definite term, and might, therefore, be dissolved by any member of the firm, at his pleasure, upon notice to his co-partners.   3 Kent's Com. *54; Parsons on Partnership, (3d ed.) 435, 439.

The act of Huston in going away and abandoning the business and property of the firm, would, of itself, have been sufficient notice of his desire to then terminate the co-partnership relation; but followed, as this act was, by his letter to Blake refusing to come and join in a settlement of the partnership business, and saying his co-partners might settle the firm business as they pleased, removed all doubt as to .

his determination to dissolve the firm. And when to this is added the acquiescence of his former partners, as shown by their action in crediting the brick and property on hand upon the firm books, to the firm, the creation of a new partnership, and the transfer to and appropriation of the old firm assets by the new firm, the dissolution of the firm of Blake, Huston & Co. must not only be regarded as complete, but as having been made by consent of all the partners. *Bank of Montreal* v. *Page*, 98 Ill. 109; Parsons on Partnership, (3d ed.) 417; *Spurck* v. *Leonard*, 9 Bradw. 174.

So, too, the co-partnership of Blake & Sweeting was dissolved in the winter of 1872, when the business of the firm came to an end by the mutual act of the co-partners. Blake and Sweeting were members of both firms. Upon the dissolution of either or both firms, a right of action accrued to either partner to have account of the co-partnership affairs, and the statute then began to run. A bill for account by one partner against another is barred after the lapse of five years following the dissolution, and the defendant may set up and rely upon the Statute of Limitations, in his answer. *Pierce* v. *McClellan*, 93 Ill. 245. See, also, *McKelvey's Appeal*, 72 Pa. St. 409; *Patterson* v. *Brown*, 6 Mon. (Ky.) 11; *Knox* v. *Gye*, 4 Eng. Rep. (Moak's notes) 44.

The firm of Blake, Huston & Co. having been dissolved more than five years before the original bill was exhibited, and the firm of Blake & Sweeting having been dissolved more than five years before the filing of the amended bill asking account as to the business of that firm, the bar of the statute had become complete, and the right of action of the plaintiff in error no longer existed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*