Zymon Siemianoski, Administrator of the Estate of Joseph Rydzynski, Deceased, Appellant, v. Union State Bank of South Chicago, Appellee.

Gen. No. 30,936.

1. BANKING—*necessity of mutual agreement to terminate joint bank account created under Cahill's St. ch. 76, ¶ 2.* A joint bank account created pursuant to Cahill's St. ch. 76, ¶ 2, under an agreement fixing no time or method for its termination, cannot be

terminated altogether except by mutual agreement of the depositors.

2. BANKING—*power of husband to terminate joint bank account with wife established pursuant to Cahill's St. ch. 76, ¶ 2.* A joint bank account created pursuant to Cahill's St. ch. 76, ¶ 2, by an agreement signed by husband and wife cannot be terminated by an order of the husband revoking his wife's authority to withdraw funds.

3. BANKING—*withdrawal of entire deposit as terminating joint bank account established under Cahill's St. ch. 76, ¶ 2.* In the absence of an agreement to that effect, the fact that one of the depositors of a joint account created pursuant to Cahill's St. ch. 76, ¶ 2, drew out the entire deposit would not have the effect of terminating the account.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. CHARLES F. McKINLEY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1926. Affirmed. Opinion filed November 29, 1926. Rehearing denied December 13, 1926.

MARION G. KUDLICK and EWART HARRIS, for appellant; LEON C. NYKA, of counsel.

SMIETANKA, RICKARD & POULTON, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by Zymon Siemianoski, administrator of the estate of Joseph Rydzynski, deceased, the plaintiff, from a judgment in favor of the Union State Bank of South Chicago, the defendant, in an action by the plaintiff to recover $1,312.09, which it is alleged was on deposit with the defendant to the credit of Joseph Rydzynski, deceased.

The case was tried before the court without a jury. The material facts are not in dispute.

On June 19, 1920, Joseph Rydzynski opened an account with the defendant in his own name with a deposit of $1,000. Thereafter in the same year Rydzynski changed the account to a joint account with his

Siemianoski v. Union State Bank of South Chicago, 242 Ill. App. 390.

wife, Julia Rydzynska. Both Joseph Rydzynski and his wife signed the account sheet. On the pass book after the name of Rydzynski, the words "or wife" were added. The following notation was stamped on the account sheet with a rubber stamp: "This is a joint and several account under the Law of Illinois. Either of the undersigned may withdraw, and balance is payable to survivor. All endorsements for deposit of the funds of either are authorized to this account."

On September 22, 1921, after a quarrel with his wife, Rydzynski went to the bank alone and told Walter J. Prybylinski, an official of the bank, that he wanted to revoke his wife's authority "to draw money out" of the account. On direction of the bank official, the bookkeeper of the bank made the following notation on the account sheet: "Wife not to sign by order of September 22-21." A line was also drawn through the wife's name. There is no evidence that Rydzynski took possession of the pass book. On the contrary his wife testified, "I always had the book. We had it together."

About four months after Rydzynski had asked the bank to revoke his wife's authority to draw on the joint account, Rydzynski told Prybylinski that he "had patched up his troubles with his wife and wanted to restore his wife's good graces in the bank, and to put her name back on the account." Prybylinski told the bookkeeper to tell the savings teller to put the wife's name back on the account. The bookkeeper drew a line through the notation on the account sheet "wife not to sign." The following notation was again stamped on the account sheet: "This is a joint and several account under the Law of Illinois. Either of the undersigned may withdraw, and balance is payable to survivor. All endorsements for deposits of the funds of either are authorized to this account." The wife, however, did not sign the account sheet again.

Joseph Rydzynski died, and after his death the defendant paid the entire amount in the account to his widow.

There is a dispute as to who made the second stamped notation and also the first similar stamped notation on the account sheet, and also a dispute as to whether the line drawn through the words "wife not to sign by order of September 22-21," was there at the time the account was first produced in the probate court. In the view that we take of the case we do not think that these disputes are material.

It is the contention of the plaintiff that the defendant illegally paid the money to the wife for the reason that Rydzynski terminated the joint account, and that his verbal direction to reinstate the joint account, in the absence of the signature of his wife, was insufficient under section 2 of the Joint Rights and Obligations Act [Cahill's St. ch. 76, ¶ 2], to create a joint account with the right of survivorship under the statute. It is conceded by the plaintiff that the original joint account complied with the requirements of the statute, and gave the right of survivorship; but it is contended that after the revocation of the joint account by Rydzynski, the joint account was never lawfully revived. It is further contended by the plaintiff that the rules governing a joint tenancy do not apply, as a joint tenancy is not created by the agreement which is permitted to be made by the statute, and that since there was no joint tenancy the direction of Rydzynski to the defendant to revoke his wife's authority to draw money out of the account was lawful and "was the equivalent of signing a withdrawal slip for the entire amount and receiving the money and taking it over to another window and depositing it in his own name."

In the view we take of the case, it may be assumed for the sake of argument that the original joint account did not constitute a joint tenancy, and that either party to the joint account had the right to draw

out the entire amount in the account, which right
would not have been permissible under a joint tenancy.
In our opinion the controversy may be decided in-
dependently of the question of joint tenancy. Since it
is not disputed that the original joint account created
the right of survivorship allowable under the statute,
the questions presented for decision are first, whether
the joint account was lawfully revoked; and second,
whether if the joint account was lawfully revoked it
was legally reinstated. In our opinion the original
joint account was not lawfully revoked. This view
of the case will render a consideration of the second
question unnecessary.

The agreement creating the joint account does not
fix the time for the duration of the joint account, and
does not specify the manner in which the joint ac-
count may be terminated. Although in discussing the
question in controversy we have assumed for the
sake of argument that the agreement does not consti-
tute a joint tenancy, yet we think that the rules relat-
ing to joint tenancies may be considered analogously
in determining the question as to how the joint ac-
count in the case at bar could be terminated. A joint
tenancy may be terminated or severed by any act
which destroys one or more of its unities, provided the
act of the joint tenant who severs his interest is such
as to preclude him from claiming by survivorship any
interest in the subject matter of the joint tenancy.
33 Corpus Juris, pp. 907, 908. A joint tenancy may
be terminated *altogether* by mutual *agreement* be-
tween the parties or by any conduct or course of deal-
ing sufficient to indicate that all the parties have
*mutually* treated their interests as belonging to them
in common. 33 Corpus Juris, p. 909.

In the case at bar Rydzynski did not attempt to
sever or terminate *his interest* in the joint account.
He attempted to terminate the joint account alto-
gether. But in our opinion the joint account could not

be terminated *altogether* except by the mutual agreement of Rydzynski and his wife.

Even if the question should be considered by analogy to the rule governing the dissolution of partnerships where no definite term has been fixed, the joint account could not be terminated by Rydzynski wholly without notice to his wife. The rule, in regard to partnerships where no definite term is fixed, is that such partnerships may be dissolved at the pleasure of either party *upon notice* to the copartner. 30 Cyclopedia of Law and Procedure, p. 650; *Blake v. Sweeting*, 121 Ill. 67, 70.

In our opinion the act of Rydzynski in directing the defendant to revoke the joint account was not equivalent to withdrawing the entire amount and depositing it in his own name, as is contended by the plaintiff. In directing the defendant to revoke the joint account, Rydzynski was attempting to revoke the joint account altogether. If he had withdrawn the entire amount and deposited it in his own name, it could not fairly be presumed from that act that he intended to terminate the joint account altogether, as by the agreement creating the joint account either party could withdraw the entire amount in the account. The agreement, however, does not provide that the joint account may be terminated by a withdrawal of the whole amount. And in the absence of such an agreement, reasonably it will not be presumed that the joint account would be terminated by one of the parties withdrawing the whole amount; nor reasonably would it be presumed that the withdrawing of the whole amount by one party, as permitted by the agreement, would constitute an intent to terminate the joint account altogether. Such an act in the absence of an agreement would not *ipso facto* close the account. The account could remain open and further deposits could be made by either or both of the parties.

It follows from the views that we have expressed that in our opinion the original agreement creating the joint account remained in force and effect, notwithstanding Rydzynski's attempted revocation of the joint account; that since the original agreement came within the provisions of the statute, the right of survivorship was created, and that the defendant was authorized by the statute to pay the entire amount of money in the joint account to Rydzynski's wife.

The judgment of the trial court is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.