(No. 34204.—

ANGELINE JERZYK, Appellant, *vs.* WLADYSLAW MARCINIAK, also known as WALTER MARCINIAK, *et al.,* Appellees.

*Opinion filed January 24, 1957—Rehearing denied March 19, 1957.*

GEORGE B. COHEN and HELEN IRENE COHEN, both of Chicago, for appellant.

JOSEPH Z. WILLNER, BEN R. NIERENBERG, and THADDEUS W. SWASTEK, all of Chicago, for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Angeline Jerzyk brought suit in the superior court of Cook County to set aside a deed, executed by her deceased mother allegedly as a result of fraud and undue influence. The cause was referred to a master, before whom the plaintiff introduced her evidence. On motion of defendants at the close of plaintiff's case, the master recommended that the cause be dismissed. Plaintiff's exceptions to the report were overruled by the court, and a decree was entered confirming the master's report and dismissing the suit for want of equity. Plaintiff appeals directly to this court, a freehold being involved. She contends the evidence is sufficient to establish a *prima facie* case for relief.

The record discloses that in 1933 plaintiff's mother, Maryanna, went through a marriage ceremony with defendant Walter Marciniak. She had been married twice previously, the plaintiff being the daughter of her first marriage. She was a Polish woman, unable to read, write, or speak English. In 1947 Maryanna and Walter Marciniak purchased the real estate in question, taking title as tenants in common. They resided in the property thereafter, and the plaintiff occupied the first floor flat in the building. On January 14, 1952, at the request of Marciniak, defendants Frank and Josephine Helminiak came to the Marciniak home, together with an attorney. At that time deeds were prepared and executed converting the title from tenancy in common to joint tenancy. At the same time Mrs. Marciniak executed a will whereby she left substantially all her estate to Walter Marciniak. On April 1952, a joint will was executed by Maryanna and Walter Marciniak, providing that after the survivor's death the property should vest in Frank and Josephine Helminiak as joint tenants. Maryanna died on October 5, 1953. Neither of the wills was probated, but about a month after Maryanna's death, Walter conveyed title to a trust company in trust for his use during his lifetime, with remainder to the Helminiaks.

Viewed in its aspect most favorable to the plaintiff, the evidence further shows that at the time of the marriage ceremony with Maryanna, defendant Walter Marciniak had an existing wife from whom he had not been validly divorced; that defendant Frank Helminiak was his nephew, and that at the time of the January 14 transaction Maryanna was 79 years of age and ill. The lawyer who prepared the deeds placing title in joint tenancy was called as an adverse witness. He testified on cross-examination that he explained the effect of the deeds to the Marciniaks in Polish.

Plaintiff argues that Maryanna joined in placing title in joint tenancy because she believed Walter was her law-

ful husband, and that his failure to inform her of the invalidity of their marriage constituted fraud. The evidence does not support such an inference. They lived together as husband and wife for 20 years, and there is nothing in the record to warrant the conclusion that the deeds would not have been made had she known their marriage ceremony was invalid. Moreover, since the property was already owned by both as tenants in common, the case is not one of a conveyance without consideration. Under the undisputed facts appearing here, her belief that their marriage was a valid one cannot justify setting aside the deeds. *Holmes* v. *Mims,* 1 Ill.2d 274; *Brozina* v. *Wanda,* 387 Ill. 46.

It is further argued that the execution of the wills purporting to dispose of the property is evidence that Maryanna did not know the effect of the joint tenancy, and failed to realize what she was doing when the deed was signed; that the failure to probate the will, and the absence of any apparent reason for creating the trust, indicate some kind of guilt; and that the marriage relationship with Walter was one of trust and confidence, creating a presumption of undue influence and fraud on his part. It is evident that none of the matters relied upon affords a justifiable inference of fraud or imposition; nor does the mere relationship of the parties, under the facts shown here, raise a presumption against validity of the transaction. The relevant facts in evidence show simply that she owned property as a tenant in common with a man she had long supposed was her husband, and that at a time when she was ill she joined with him in changing title from a tenancy in common to a joint tenancy. Since he was an equal owner of the property, the transaction was clearly supported by consideration. Even if the conveyance were a gift, the mere fact, alone, that he was purportedly her husband raises no presumption of fraud or undue influence. There is no proof that he was the dominant party,

or that she relied upon him in the conduct of her business affairs. While confidential relationships necessarily exist between a husband and wife when they reside together under the ordinary conditions of marriage, nevertheless it cannot be said as a matter of law that he is the dominant and she is the dependent party. Whether or not that be true is a question of fact. *Brod* v. *Brod,* 390 Ill. 312; *Scully* v. *Wilhelm,* 368 Ill. 573.

Plaintiff urges that since Maryanna was seriously ill, the deed was executed in contemplation of her death and there was no intention that she have a right of survivorship; that the necessary unity of interest was therefore absent, preventing the creation of a joint estate; and that even if a joint tenancy was validly created, it was severed by the execution of the joint will. The contentions cannot be sustained. The deed itself shows their intention to create a joint tenancy with the right of survivorship in each. Its legal effect obviously cannot be overcome by inference or speculation that a contrary intention may have existed, nor can the mere execution of a joint will effect a severance of the joint tenancy. We have considered the arguments of plaintiff and find them to be without sufficient merit to warrant further discussion.

After carefully examining the evidence we conclude it is insufficient to warrant a decree setting aside the deeds. The chancellor was correct in dismissing the suit for want of equity, and his decree will be affirmed

*Decree affirmed.*