(No. 37035.—

SOPHIE JUSKO *et al.*, Appellants, *vs.* APOLINARAS GRIGAS *et al.*, Appellees.

*Opinion filed Sept. 28, 1962.—Rehearing denied Nov. 29, 1962.*

BLACK & BEERMANN, of Chicago, (BENJ. H. BLACK, of counsel,) for appellants.

TAGE JORANSON, of Chicago, for appellee Apolinaras Grigas; DARWIN P. KAL, of Chicago, for other appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiffs filed in the superior court of Cook County a complaint to construe a purported joint will of Apolinaras Grigas and Pauline Grigas, husband and wife. Apolinaras Grigas, individually and as administrator with the will annexed of the estate of Pauline Grigas, deceased, John Bartkus, Charles Gasiunas, American Lithuanian Literature Association, Panevezis Hospital, Antanina Juteliene, and Ona Jarmalaviciene were made defendants as heir, administrator, devisees and legatees, respectively. The superior court sustained the motion of the principal defendant, Apolinaras Grigas, to strike the amended complaint, and ordered the cause dismissed at plaintiffs' costs. From such order the appeal here is taken. A freehold being involved, this court has jurisdiction on direct appeal.

The facts alleged in the complaint are that on February 28, 1947, Apolinaras Grigas and Pauline Grigas, husband and wife, executed a purported joint will. On March 6, 1959, Pauline Grigas died. The instrument was admitted to

probate on August 27, 1959, by the probate court of Cook County as the last will of Pauline Grigas. Apolinaras Grigas, the husband, survived and was appointed administrator with the will annexed. The sole heirs of Pauline Grigas were her husband, Apolinaras, and her son, Charles Gasiunas, who are defendants.

The will, attached as an exhibit to the complaint, is a single instrument consisting of six typewritten pages, the last of which bears the signatures under seal of Apolinaras Grigas and Pauline Grigas "as husband and wife," and is attested by four witnesses. The preamble of the will in substance recites that Apolinaras Grigas and Pauline Grigas as husband and wife make, publish and declare the purported will here in question to be "jointly as well as severally" their last will and testament.

Provision V of the will states "our joint estate consists" of two parcels of real estate on Troy Street in Chicago and of acreage in Lemont, Illinois, of certain general personal property which is not detailed in the pleadings, and of "any other interest to which we may be entitled to at our decease."

Provision VI provides that "The above property, both real and personal, at the time of the death of either of us, shall be held by the survivor during his or her lifetime, the use and income thereof to be enjoyed by such survivor as he or she shall deem best, during the remainder of the life of such survivor."

Provision VII provides that "At the death of the survivor * * * we give, devise and bequeath * * * An undivided one-half (½) share of our entire estate * * * of which we may die seized, or to which we may be entitled to at the date of our decease * * * to our beloved stepson and son, Charles Gasiunas * * * or to his children share and share alike. In the event that the said Charles Gasiunas should predecease us without any living issue, then his share is to be distributed by the executrix among all

of the legatees hereinafter named in addition to their specific bequests provided in this Will."

Provision VIII bequeaths $1000 to the American Lithuanian Literature Association and $1000 to the Panevezis Hospital.

Provision IX provides that "All the rest, residue and remainder of the estate * * * of which we may die seized, or to which we may be entitled to at the date of our decease * * * we give, devise and bequeath * * * An undivided one-sixteenth (1/16) share to * * * Sophie Jusko * * * or to her children; * * * An undivided one-sixteenth (1/16) share to * * * Violet Schultz Sisko * * * or to her children; * * * An undivided one-sixteenth (1/16) share to * * * Eleanor Schultz * * * or to her children." The above three residuary beneficiaries are plaintiffs in this case. Three other shares were devised and bequeathed by provision IX, two each for 3/8 share and one 1/16 share. Provision IX further provided that "In the event that either of the legatees should predecease us without any living issue, then his or her share is to be distributed equally among all of the legatees and devisees named herewith in addition to their specific bequests provided in this Will."

Stella Palonis was named executor and Charles P. Kal as successor executor.

The complaint in chancery filed here by Sophie Jusko, Violet Schultz Sisko (Novick) and Eleanor Schultz, three of the residuary legatees, set forth in substance the above facts. It further alleged that at the death of Pauline Grigas, she and her husband were the owners jointly of real estate on Bell Avenue, Chicago; that after her death, the defendant husband, Apolinaras Grigas, the survivor, wrongfully and fraudulently and in violation of the will, sold the real estate for a sum believed to be $58,000; that the husband threatens to sell the Troy Street real estate and another parcel of real estate in Chicago on Clark Street; that the

husband claims he has a right to sell all of the real and personal property and do what he pleases with the proceeds.

The plaintiffs contend and allege that the interests of the husband are limited by said will to the use and income of the real estate during the remainder of his life without any right of *inter vivos* disposition. The complaint prays for a construction of the will, the imposition of a constructive trust to prevent waste and to manage and invest the property during the life of Apolinaras Grigas, and for an accounting by Apolinaras Grigas and Charles Gasiunas of the proceeds of sale of the one parcel of real estate sold.

The amended complaint filed herein was substantially the same as the original complaint except that the amended complaint alleged that the will entered into embodied a contract between the husband and wife which became binding upon the husband after the death of the wife.

In the motion to strike the amended complaint, defendants, contend the amended complaint did not state a cause of action. In sustaining the motion to strike, the trial court did not set forth its reason for sustaining the same.

The court will take jurisdiction to hear and determine complaints to construe wills where there is doubt or uncertainty as to the rights and interests of parties arising under such wills. (*Peck* v. *Drennan,* 411 Ill. 31; *Sherman* v. *Flack,* 283 Ill. 457.) On the other hand, the court will refuse to assume jurisdiction of a complaint to construe a will which is neither ambiguous or uncertain. The court does not acquire jurisdiction to construe a will merely because the complaint contains an allegation that a question requiring construction exists where the record shows no such question exists. (*Peck* v. *Drennan,* 411 Ill. 31; *Bartlett* v. *Mutual Benefit Life Ins. Co.* 358 Ill. 452.) The purpose of construing a will is to ascertain and, if possible, give effect to the intention of the testator. (*Peck* v. *Drennan,* 411 Ill. 31.) The court is not limited to the constructions contended for in the pleadings of the parties. (*Gridley* v.

*Gridley,* 399 Ill. 215.) It will determine such questions within its jurisdiction as are relevant to the inquiry. (*Kingsley* v. *Montrose Cemetery Co.* 304 Ill. App. 273.) Even under the general prayer for relief the court has the right to construe the will and grant relief notwithstanding the issues framed by the pleadings. *Smith* v. *Burt,* 388 Ill. 162.

Where a court of chancery has obtained jurisdiction for the purpose of construing a will, it may afford such other and further relief as justice may require and the pleadings authorize. Thus, in *Bowers* v. *Webb,* 339 Ill. App. 14, where the circuit court took jurisdiction of a children's action against the widow's executor after the widow's death for construction of the father's will, the court could do complete justice and require an accounting to the children as remaindermen.

The will here declares in the preamble that it purports to be jointly as well as severally the last will and testament of Apolinaras Grigas and Pauline Grigas, husband and wife. Defendants do not dispute that said instrument is a joint will. They contend however that the joint will does not divest the surviving husband of his right by survivorship in joint tenancy property to make *inter vivos* disposition. Defendants further contend there is no showing of an ambiguity or uncertainty.

A joint and mutual will may be executed pursuant to a contract or may itself constitute a contract, which, after the death of one maker, will, under appropriate circumstances, be enforced by a court of equity. (*Tontz* v. *Heath,* 20 Ill.2d 286; *In re Estate of Baughman,* 20 Ill.2d 593.) Joint wills executed by husband and wife give rise to the presumption that they are the result of mutual trust and confidence. The principles of law governing joint wills executed by husband and wife are fully set forth in *Peck* v. *Drennan,* 411 Ill. 31.

The will in this case in provision VI provided that at the death of one (Pauline Grigas in this case), the joint

estate should be held by the survivor (the husband in this case) during his or her lifetime, the use and income to be enjoyed by such survivor as he or she shall deem best during the remainder of the life of such survivor. A joint will can apply to joint tenancy property and limit its disposition by the survivor. (*Tontz* v. *Heath,* 20 Ill.2d 286.) Defendants here contend that the use of the words "shall deem best" indictates that the surviving joint tenant after the death of the wife, still has the right to make *intervivos* disposition of property. We cannot agree with the contention that the words show a clear intention to confer such right. In our opinion, the will as a whole is ambiguous and in need of construction, and the case should not have been disposed of upon motion to dismiss.

A further contention made by defendants is that the plaintiffs' interest in the estate is insufficient to permit them to bring the suit as the provision purporting to devise and bequeath to them makes a bequest to each plaintiff or her children; that such provision is uncertain; and that it is impossible to determine whom the testator intended as legatee; and that such provision is void. In support of their contention, defendants cite the case of *Churchill* v. *Fleming,* 358 Ill. 433, where we said that a devise "to my oldest grandson or great grandson in fee simple to him and to his heirs forever" is not a devise to anyone. Defendants contend the bequest here "to her or her children, share and share alike" is likewise void. This clause standing alone might be so construed, but when looking at the will as a whole, the last portion of provision IX relating to such bequest provides that in the event either of the legatees predecease testator without living issue, his or her share is to be distributed equally among all legatees and devisees named therein. Provision VII has a similar provision.

It is a fundamental rule that in the construction of a will, it is proper and necessary to consider any and all provisions of the will that may aid in the determination of the

testator's intention as to a devise or bequest. The will as a whole must be looked at and effect given the whole will. (*Stites* v. *Gray,* 4 Ill.2d 510.) Provision IX is susceptible of a construction that the testators were trying to make clear the meaning of the legacy or devise in question in the event the legatee died before the testators, that they intended that if at the time of the death of the testators, a legatee or devisee was deceased, said property would go to the children of any such legatee if the children survived the testators, and that, in order to avoid intestacy, the testators provided that in case both the named legatee and his children were all deceased at testators' death, then the property given to said legatee and his children should be redistributed. In view of this possible construction which would give plaintiffs an interest under the will, they were entitled to file this suit to construe the will. Presumably, the trial court must have ruled otherwise, and if so, it erred in this respect.

The amended complaint alleged the will embodied a contract and that the will was ambiguous and required construction. It sufficiently stated a cause of action for will construction and, in connection with such relief, the court might grant the other prayed relief if the facts are found to justify it. Defendants' motion to strike admitted the facts well pleaded in the amended complaint for the purpose of the motion.

The alleged facts clearly showed that this was a case where the will needed construction and the complaint alleged such need. Plaintiffs had a sufficient apparent interest to seek a construction. Therefore, we must hold that the trial court erred in sustaining the motion to strike and in dismissing the cause. The cause is remanded to the superior court of Cook County with directions to reinstate the cause, deny the motion to strike and rule the defendants to plead or answer and to take further proceedings not inconsistent herewith.

*Reversed and remanded, with directions.*