**Mary Lapetina, Plaintiff-Appellant, v. Standard Rug and Furniture Cleaners, a Corporation, and Carmen J. Tortorello, Defendants-Appellees.**

**Gen. No. 52,842.**

First District, Second Division.

December 30, 1969.

Rehearing denied and opinion modified February 2, 1970.

Hugo R. Scala, of Chicago (Dom J. Rizzi and Frank M. Greenfield, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Leonel I. Hatch, Jr. and D. Kendall Griffith, of counsel), for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

This was an action to recover damages for injuries allegedly suffered by plaintiff, Mary Lapetina, when the automobile which she was operating was struck from the rear by an automobile operated by defendant, Carmen J. Tortorello, and owned by defendant, Standard Rug and Furniture Cleaners. Judgment was entered on the jury's verdict in favor of both defendants and against the plaintiff, from which this appeal is taken. Subsequent to the filing of this appeal, this court allowed a motion by plaintiff dismissing defendant, Standard Rug and Furniture Cleaners, out of the case; Carmen J. Tortorello shall hereinafter be referred to as "defendant."

The mishap occurred at the intersection of Division Street and Ridgeland Avenue in Oak Park, Illinois. Division Street runs in an east and west direction and consists of two lanes of moving traffic and two lanes for parking. Ridgeland Avenue intersects Division Street and runs in a direct north and south direction to the north of Division and in a northeast and southwest direction to the south of Division. An automobile traveling south along Ridgeland, to the north of Division, must make a slight jog to the west at Division in order to proceed southwesterly along Ridgeland after crossing Division.

Plaintiff testified that just prior to the mishap, she was driving her automobile in the southwestbound lane on Division Street approaching the Ridgeland Avenue intersection. Snow embankments lined both curblines of Division and the pavement was wet. On the northeast corner of the intersection is a traffic control light, which is situated ten to twelve feet east of the east curbline of Ridgeland and which is one of the signals controlling

2

westbound Division traffic. When approximately 75 feet from the intersection, plaintiff testified that she observed the traffic light in question turning from yellow to red. She brought her vehicle to a complete stop at a point on a direct line with the traffic light and switched on her left hand directional signal in anticipation of executing a left turn onto southwestbound Ridgeland. Her automobile remained in this position approximately thirty seconds, after which plaintiff felt an impact from the rear and her automobile jolted forward one or two feet.

Defendant testified that he was also proceeding westerly along Division Street in the Standard Rug automobile when he observed the brake lights on plaintiff's automobile flash red as it moved past the traffic light on the northeast corner of the intersection. Defendant stated that the traffic light was then green. He further testified that at the time he noticed the brake lights on plaintiff's automobile flash red, his automobile was fifteen to twenty feet behind the plaintiff's vehicle and "may have been" traveling at a speed of twenty miles per hour, defendant adding that he was not certain of the speed at the time. Defendant testified that he braked his automobile in an attempt to avoid a collision with plaintiff's vehicle, but was unsuccessful. He further testified that plaintiff's automobile was approximately one car length beyond the traffic light in question and was stopped for an undetermined length of time prior to the impact. Defendant also testified that there was snow along both curblines of Division Street and that portions of the moving lanes of traffic were wet and slippery.

Police Officer Alvin Witte testified that he was assigned to investigate the accident in question. He stated that he had no independent recollection of his investigation thereof and that it was necessary to refer to his report made at that time. The report showed that the front of the plaintiff's automobile was on a line even with the east curb of Ridgeland Avenue.

Plaintiff contends, inter alia, that the verdict of the jury is against the manifest weight of the evidence. We agree.

Under either version of the occurrence, it is clear that defendant was operating his vehicle too closely behind the plaintiff's automobile, under the existing conditions. Plaintiff testified that her automobile was brought to a complete stop on a line with the traffic light; that the vehicle remained in that position for some thirty seconds with its left turn directional signal flashing; and that the vehicle was struck from the rear by defendant's automobile, jolting the former vehicle forward one or two feet. Plaintiff further testified that the pavement was wet on the day in question.

Defendant, on the other hand, testified that plaintiff's automobile was moving slowly into the intersection, with a green traffic light; that his vehicle was fifteen to twenty feet to the rear of plaintiff's automobile and "may have been" traveling twenty miles per hour; that he noticed the brake lights of plaintiff's vehicle flash red as it entered the intersection; and that the collision occurred when plaintiff's automobile was one full car length past the traffic light on the northeast corner of the intersection. Defendant also admitted that portions of the pavement along Division Street were wet and that his automobile skidded into plaintiff's vehicle after he applied the brakes.

Under these circumstances, the verdict of the jury is clearly against the manifest weight of the evidence. Hickey v. Chicago Transit Authority, 52 Ill App2d 132, 136, 201 NE2d 742; Lowe v. Gray, 39 Ill App2d 345, 351, 188 NE2d 890. The judgment is reversed and the cause is remanded for further proceedings.

Judgment reversed and cause remanded.

LYONS, P. J. and McCORMICK, J., concur.