LEO J. DORWEILER et al., Plaintiffs-Appellants, v. AVIS D. GLEIM et al., Defendants-Appellees.

(No. 11543;

Fourth District—August 2, 1972.

*Modified upon denial of rehearing November 16, 1972.*

Thomson, Thomson & Mirza, of Bloomington, (Jerome Mirza, of counsel,) for appellants.

Costigan, Wollrab, Fraker & Wochner, of Bloomington, for appellees.

OPINION AS MODIFIED UPON DENIAL OF
PETITION FOR REHEARING

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The trial court entered judgment upon a jury verdict in favor of the respective defendants. Upon special interrogatories the jury found that

neither the plaintiffs nor either defendant was guilty of negligence. The plaintiffs appeal from the verdict entered in favor of the defendant, Gleim.

Here, plaintiffs urge that the jury finding upon the special interrogatories as to Gleim is contrary to the manifest weight of the evidence; that Gleim was guilty of negligence as a matter of law; that the court erred in refusing certain of plaintiffs' tendered instructions and in giving certain of the defendant's instructions; and that the closing argument in behalf of Gleim was prejudicial.

The accident occurred in mid-morning at the intersection of an east and west country road and the two southbound lanes of Route 66. The pavement was wet from drizzling rain. The two northbound and two southbound lanes of Route 66 are separated by a grass median. Defendant Gleim's car struck defendant Sowins's car in the rear end and defendant Gleim's car was shortly thereafter struck in the rear by plaintiff Dorweiler's car.

Defendant Sowins, age 46, was driving south in the left portion of the southbound lane and his wife, Virginia, age 44, was a passenger in the front seat. Sowins was intending to turn east on the intersecting road to a restaurant which was at the southeast corner of the intersection. He stated that prior to his turn there was a little blue car back of him about three or four car lengths. There is a considerable variety in his own accounts of when he saw the blue car, when he turned his left blinker light on, and when the blue car passed him. By one account, Sowins was about a block away when he turned the blinker on, about a block away when he saw the blue car and about a block away when the blue car passed him. By this account, he looked again in the side rear view mirror and there was no car behind him when he was a half block away. By another account, when a question was asked how far he meant by a block, he said 4000 feet. By another account, he said the blue car passed him when he was within 100 feet of the intersection. He said the blue car was travelling 40 to 50 miles per hour when it was in the process of passing him. Sowins also stated that one hundred yards from the intersection he was going five or ten miles per hour. He testified that his front wheels were two or three feet off the pavement and his rear wheels were on the pavement when he was struck from the rear by a car driven by defendant, Gleim, in the left hand lane. At another point, his response to a question indicated his left wheels were off of the pavement.

Sowins further testified that the accident pushed his car across the pavement which intersects the two southbound lanes and the two northbound lanes and into the ditch on the south side thereof. The Gleim car

was stopped in the left hand southbound lane 50 feet south of Sowins car after the accident. Plaintiffs' car was directly west of the Sowins car in the right lane facing north after the accident. Sowins did not see or hear another collision after the car collided with him.

Virginia Sowins testified that her husband gave the turn signal about a block away, that he did not slow down suddenly, that they were just creeping to where they were going to turn when they were struck. She paid no attention to traffic in front or behind her car for five hundred feet before the accident. She did not see the blue car which passed them just before the accident. She stated they were hit in the right rear.

Defendant, Gleim, age 24, was driving south with a small child in a car seat in the front. She was following a small blue car in the left hand southbound lane for a considerable distance, following at about three or four car lengths about 5 miles per hour. She knew there was traffic ahead of the blue car. She said that about seven or eight car lengths before the intersection the blue car turned immediately to the right lane without giving any turn signal, and she then saw the Sowins car for the first time. She said she could not turn into the right lane because of traffic and made an emergency application of her brakes. She said the blue car slowed after it got into the right lane. She testified she was going 9 to 10 miles per hour when she hit the Sowins car in the left lane. She said her car was stopped, that she looked to see if her baby was safe and that the baby was not thrown out of the seat. She stated that after she was stopped, she was hit again while her car was in the left hand lane, and that her car was hit in the left back and center. She said the second impact was more severe than the first, and that after the second impact her son was almost passed out. She said the blue car had passed the Sowins car before she got to the Sowins car.

Louise Dorweiler, plaintiff, age 69, testified that she was driving a 1965 Chevrolet Impala south in the right hand lane when the Gleim automobile pulled in front of her and she had no chance whatsoever. Her husband was a passenger in the front seat. She did not see the Gleim car contact the Sowins car. She said she noticed the Gleim car overtaking her. She said it was almost instantly as the Gleim car passed her that the impact with her occurred. For about a mile before the accident she had been travelling about 50 miles per hour. She said that prior to the accident, she could not see the rear of the Sowins car because it was in the left hand lane. Apparently, on a deposition, she had stated that she could see the rear of the Sowins car. She stated that she did not see a turn signal on the Sowins car. She said there was no obstruction between her and the Sowins car, but she didn't pay much attention to

the cars in the left hand lane. She did not see any stop lights on the rear of the Sowins car. The front end of her car ran into the back end of the Gleim car. She testified that she did not see the blue car.

Plaintiff, Leo Dorweiler, age 70, testified he was a passenger in the car driven by his wife, that a car swerved in front of them quickly, that the back end of the car in front of them was across the road and they hit behind the back wheel. He said the collision was in the right lane. He said he saw the rear end of the Sowins car two hundred feet before the accident, and that he couldn't remember seeing any turn signals on it. He testified that he never saw a blue car between the Sowins car and the Gleim car. He later said when he first saw the Sowins car, he was as close as two car lengths.

■■ This is a typical case where the conflicting testimony poses a question of fact for a jury. In the entire composite of testimony, though it is not free from doubt, the testimony of defendant, Gleim appears most consistent. In order to establish negligence the party asserting negligence must produce a preponderance of the evidence. While it is natural to suppose that some person and not merely weather, condition of the road and happenstance positions of the cars, was the cause and that such person must have been negligent, neither is this necessarily the case, nor is it necessarily true that the evidence establishes who was at fault. In the absence of proof which preponderates in favor of the charge of negligence, the jury must necessarily find no negligence and if this situation applies to all parties, then as to the particular suit the result is the same as if the calamity were pure accident.

There is some evidence that the second collision happened in the left hand lane and, if this were so, defendant, Gleim, would not have been guilty of negligence which proximately caused the accident. The jury could well have believed that plaintiffs' failure to notice the blue car and other obvious facts made their testimony that they were in the right lane when the collision occurred less worthy of belief than defendant, Gleim's testimony, which is in part supported by defendant, Sowins.

■■ Where the evidence is conflicting and the verdict is not manifestly against the weight of the evidence, the reviewing court will not substitute its judgment for that of the jury. *Kahn v. James Burton Co.*, 5 Ill.2d 614, 623, 126 N.E.2d 836; *Danhof v. Osborne*, 10 Ill.App.2d 529, 552, 140 N.E.2d 692; *Hanck v. Ruan Transport Corp.*, 3 Ill.App.2d 372, 380, 122 N.E.2d 445.

Plaintiffs cite *Ceeder v. Kowach*, 17 Ill.App.2d 202, 149 N.E.2d 766, where defendant struck the rear end of a car stopped for a red light; *Kocour v. Mills*, 23 Ill.App.2d 305, 169 N.E.2d 497, where defendant struck a car which stopped suddenly for a red light, and *Lapetina v.*

*Standard Rug & Furniture Cleaners,* 120 Ill.App.2d 1, 256 N.E.2d 375, where plaintiff had been stopped at a stop light for 30 seconds with her turn light flashing when she was struck, which we do not consider analogous by reason of the universal warning given to all drivers by reason of the stop lights. The case of *Sughero v. Jewel Tea Co., Inc.,* 66 Ill.App.2d 353, 214 N.E.2d 512, is a case in which there was no dispute that defendant's truck swung into plaintiff's lane and plaintiff, coming from the opposite direction, struck the truck. The only question was whether one to five seconds, which plaintiff had to take some action, was ample time to stop or change lanes. *Kronenberger v. Coca Cola Bottling Co.,* 324 Ill.App. 519, 58 N.E.2d 334 and *Fisher v. Allen,* 334 Ill.App. 393, 79 N.E.2d 529, are abstract reports of decisions on particular fact situations of following another automobile too closely which do not militate against the view that the fact situation at hand presented a jury question.

■■ The record is clear that the jurors' observations of the witnesses and their assessment of the credibility of each are substantial factors in deciding the issues arising from the conflicting facts placed into evidence. In the light of the burden of proof under the law, we cannot find that the jurors' answer to the special interrogatory was contrary to the manifest weight of the evidence, or that Gleim was negligent as a matter of law.

■■ The trial court refused plaintiffs' instruction No. 6. It contained the initial paragraph of IPI Civil, 12.04, but omitted the concluding paragraph of the present pattern instruction:

> "However, if you decide that the sole proximate cause of injury to the plaintiff was the conduct of some person other than the defendant, then your verdict should be for the defendant."

This record contains testimony which, if believed by the jury, shows an issue of fact proper for the jurys' determination. It appears, moreover, that plaintiffs' instruction No. 11A, in the language of the pattern instruction was given.

■■ The trial court refused plaintiffs' instruction No. 10, setting out the language of the statute which forbids following too closely as in IPI, Civil, 60.02, but omitted the final paragraph of such pattern instruction:

> "On the other hand, if you find some third person violated this statute and that his violation was the sole proximate cause of the occurrence, and that no negligence of the defendant was a proximate cause of the occurrence, then your verdict should be for the defendant."

Plaintiff asserts that it was improper to include such final paragraph because there was some evidence that defendant, Gleim, was following too closely. The Comment to the pattern instruction notes that the conclud-

ing paragraph is to be omitted if the only evidence is that a third party alone violated the statute. Upon the evidence here, the court's ruling was correct. It appears, moreover, that plaintiffs' instruction No. 12 was tendered and given and incorporates the pattern instruction in proper form.

■■ Plaintiff urges error in the giving of defendant, Gleim's instruction No. 12, which contained a paraphrase of Ill. Rev. Stat. 1969, ch. 95½, paras. (a) and (b) concerning the duty to give a signal "when moving right or left upon a roadway". There was evidence which would support the determination that defendant, Sowins, violated the statute. Plaintiffs' argument that there was no evidence that Sowins moved right does not authorize an inaccurate or partial statement of the contents of the statute concerned.

■■ Complaint is made of the argument of defendant, Gleim's counsel, that plaintiffs would probably be satisfied with their medical bills. The argument here objected to was made in the course of a serious argument that plaintiff's claim of permanent injury was based upon theory and hypothetical situations rather than fact. Apparently the remark was made once and without objection. Plaintiffs' counsel now argues that it was an attempt by defendant's counsel to advise the jury to compromise liability and damages. While we would disapprove of counsel advising the jury that they were entitled to limit the amount of damages if they believed liability to be doubtful, we do not view this single remark as an advocacy of that theory. The argument is not persuasive or relevant in view of the verdict of the jury, and nothing suggests that the jury undertook to compromise liability and damages. While not approving the argument form, we find no error in overruling the post-trial motion upon this issue.

The judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN and SMITH, JJ., concur.