First United Presbyterian Church *et al.,* Plaintiffs-Appellees; *v.* Margaret E. Christenson, f/k/a Margaret E. Johnson, *et al.,* Defendants-Appellants.

(No. 75-49;

Fifth District—December 4, 1975.

August A. Grundei, of Chicago, for appellants.

James B. Wham, of Wham & Wham, of Centralia, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by parties defendant, Margaret E. Christenson *et al.*, from a judgment entered by the circuit court of Clinton County in favor of the plaintiff, First Presbyterian Church, on plaintiff's complaint to set aside and cancel the deeds to certain properties conveyed by defendants Christenson, Margaret E. and Harold J. Christenson, to the following named codefendants, Rosemary Springer, Helen May Clark, Nancy Joan Valles and August A. Grundei. The trial court found that defendants Christenson executed these deeds in violation of the contractual agreement contained in the joint and mutual will executed by defendant Margaret E. Christenson and her previous husband, Lewis H. Johnson, now deceased. Counsel for appellants has appropriately characterized this appeal in the following manner, "This unique and esoteric problem comes before this court upon the wings of a will fettered by a contract and complicated by joint ownership."

On September 17, 1963, Lewis H. Johnson, now deceased, and his wife, now the defendant Margaret E. Christenson, executed a joint and mutual will. At the time of execution all of the real property owned by the testators was owned in joint tenancy. The pertinent portions of that will are found in the second, third and final sections. The second section is a general devise and bequest leaving all of the deceased's property to the survivor. The third section provides for the distribution of property at the death of both testators. The final section provides that "this joint and mutual will is made in pursuance of a contract or agreement" between the testators.

The instant controversy centers around the third section of this will. Paragraph (b) of the third section of the will provides for the devise of two pieces of realty to the plaintiff upon the demise of *both* testators. In paragraph (d) of the third section appears the following language which is the focal point of the dispute between the parties:

"* * * that in the event Lewis H. Johnson shall become deceased first that Margaret E. Johnson *shall at no time sell* the real estate listed in Paragraph Third (b) above, but can sell any of the other real estate * * *." (Emphasis supplied.)

Lewis H. Johnson died on October 22, 1964. On December 7, 1964, Margaret E. Johnson, now defendant Margaret E. Christenson, was granted Letters Testamentary and said joint and mutual will was admitted to probate. Throughout the probate proceedings the plaintiff was listed as a devisee and as an "interested party." In Schedule E of her State inheritance tax return Margaret E. Johnson listed her interest in the

property described in paragraph (b) as a "life estate." Plaintiff's interest was valued; however, the interest of plaintiff was not described. A final report was filed and approved, and the estate was closed.

Subsequently, Margaret E. Johnson married Harold J. Christenson. On April 25, 1967, defendants Christenson executed two warranty deeds to the property listed in paragraph (b) of the third section of the will conveying it to the aforementioned codefendants, who were the nieces and nephew of defendant Margaret E. Christenson. The recited consideration in such deeds was "for and in consideration of $10.00 and other good and valuable consideration." These deeds were recorded on May 1, 1967. Defendants Christenson filed Federal gift tax returns as a result of this transfer.

In September, 1972, the plaintiff inquired of codefendant August A. Grundei about this property after its minister had observed a "for sale" sign on the property bearing Grundei's name. In response to this inquiry defendant Grundei wrote the plaintiff and informed plaintiff that it owned no interest in the property. After the plaintiff's written demand to remove the "for sale" signs and to cease attempting to sell the property was ignored, the plaintiff filed its complaint requesting the trial court to set aside and cancel the deeds to the property conveyed by defendants Christenson to codefendants Grundei, Springer, Clark, and Valles.

After the trial court disposed of various pretrial motions, the cause was called to trial on June 21, 1974. Throughout the trial the trial court steadfastly refused to permit parties defendant to proffer any evidence to show what, if any, consideration was exchanged between defendants Christenson and the codefendants in return for the execution of the deeds. At the conclusion of the trial the trial court granted the relief requested by the plaintiff in its complaint, by declaring the deeds null and void and "set aside, annulled and cancelled" them; and declared that Margaret E. Christenson had a "life estate only" and that plaintiff "owned the fee simple title" to the two parcels of real estate subject to the "life of Margaret E. Christenson" and "subject to the restrictions as to use of said property under the provisions of said paragraph Third (b) of said Will." The decree further "enjoined permanently" Margaret E. Christenson "from conveying, attempting to convey, or encumbering" the property "in any manner or form."

■■ Obviously the trial court in entering such decree ignored the fact that whatever interest of Lewis H. Johnson in these tracts (which were held in joint tenancy by Lewis and Margaret) that Margaret took at his death, was taken by operation of law and that Margaret took no interest

in them by the will. In order to terminate the existing joint tenancy and sever such relationship one or more of the four unities, interest, title, time, or possession, must be destroyed. (*Jackson v. O'Connell*, 23 Ill.2d 52, 177 N.E.2d 194; *Bradley v. Fox*, 7 Ill.2d 106, 129 N.E.2d 699.) As stated by our Supreme Court in *Tindall v. Yeats*, 392 Ill. 502, 510, 64 N.E.2d 903, 906, "A severance means a separation of the interests of the joint tenants, a vesting of the interest of one, separated from the interest of the other, in some third person." Citing *Tontz v. Heath*, 20 Ill.2d 286, 170 N.E.2d 153, the plaintiff claims that,

> "Lewis H. Johnson and Margaret E. Johnson, in a single instrument, gave up the right of absolute ownership of real estate held by them in joint tenancy and treated the property as a common pool, the disposition of which was made by both of them in the joint and mutual will."

It further argues, citing *Bonczkowski v. Kucharski*, 13 Ill.2d 443, 150 N.E.2d 144, that,

> "The joint tenancy of Lewis H. Johnson and Margaret E. Johnson did not pass to the survivor inasmuch as the land held in joint tenancy was subject to the contract embraced in the joint and mutual will."

While we agree with the proposition that the disposition of property held in joint tenancy can be the object of a joint and mutual will (*Helms v. Darmstatter*, 56 Ill.App.2d 176, 205 N.E.2d 478, aff'd, 34 Ill.2d 295, 215 N.E.2d 245; *Jusko v. Grigas*, 26 Ill.2d 92, 186 N.E.2d 34; *Tontz v. Heath*, 20 Ill.2d 286, 170 N.E.2d 153; *Bonczkowski v. Kucharski*, 13 Ill.2d 443, 150 N.E.2d 144) and with the proposition that a court of equity may, under appropriate circumstances, enforce a contractual agreement contained in a joint and mutual will and limit its disposition by the survivor (*Jusko v. Grigas*, 26 Ill.2d 92, 186 N.E.2d 34; *Tontz v. Heath*, 20 Ill.2d 286, 170 N.E.2d 153; *Bonczkowski v. Kucharski*), the mere fact that joint owners enter into a joint will which provides for the disposition of the property after the death of the survivor of them does not terminate the joint tenancy (*Jerzyk v. Marciniak*, 10 Ill.2d 529, 140 N.E.2d 692). For an agreement to terminate a joint tenancy the parties must enter into either an agreement which expressly severs the joint tenancy (*Duncan v. Suhy*, 378 Ill. 104, 37 N.E.2d 826, transferred, 315 Ill.App. 147, 42 N.E.2d 636; *Thomas v. Johnson*, 12 Ill.App.3d 302, 297 N.E.2d 712) or a valid contract containing provisions clearly inconsistent with continuation of the joint tenancy (see *Siemianoski v. Union State Bank*, 242 Ill.App. 390. See also Annot., 64 A.L.R.2d 918, 945-47, § 20 (1959)). It also must be remembered that for such agreements to terminate the joint tenancy they must be operative *before* the death of

the cotenant and before the other, as a consequence thereof, becomes owner by right of survivorship. (*Klajbor v. Klajbor*, 406 Ill. 513, 94 N.E.2d 502.) Since the joint and mutual will executed in the instant case showed no design to immediately destroy any of the four unities incidental to the Johnsons' ownership of property in joint tenancy (see *Jerzyk v. Marciniak*, 10 Ill.2d 529, 140 N.E.2d 692), the joint tenancy continued and Margaret E. Johnson, as the survivor, took the property by operation of law (see *Bonczkowski v. Kucharski*, 13 Ill.2d 443, 150 N.E.2d 144). The plaintiff, on the other hand, received no interest in the property under the will. Instead, plaintiff became a third-party beneficiary under the contractual agreement embodied in the joint and mutual will. (*Bonczkowski v. Kucharski*.) While plaintiff has the right to enforce this agreement in a court of equity, its action to restrain the disposition of property by the survivor of the joint tenancy must be confined to enforcement of the express limitations embraced in the contract, which will be strictly construed in view of the public policy against conditions in restraint of alienation (*e.g., Illinois Christian Missionary Society v. American Christian Missionary Society*, 277 Ill. 193, 115 N.E. 118).

■■ Prior to discussing the principal issues before this court we address the contention that the trial court had no jurisdiction over defendant Harold J. Christenson. Defendant Harold J. Christenson entered a special appearance in the trial court for the purpose of objecting to its jurisdiction. His motion to vacate and quash the summons was denied. We find no error in the trial court's actions since it is apparent that defendant Harold J. Christenson submitted himself to the jurisdiction of the courts of this State by joining in the execution of certain deeds which purported to convey real estate situated in Illinois. Ill. Rev. Stat. 1971, ch. 110, pars. 16, 17(1)(c).

On appeal parties defendant argue, among other things, that the limitation "shall at no time sell" does not operate to preclude transfer and conveyance by *inter vivos* gift. We agree.

■■ While we find numerous "rules" of construction which favor the position advocated by parties defendant, for example, (1) construction should favor the heirs at law (*e.g., Continental Illinois National Bank & Trust Co. v. Llewellyn*, 67 Ill.App.2d 171, 214 N.E.2d 471), (2) words in a will should be given their ordinary and natural meaning (*e.g., Feder v. Luster*, 54 Ill.2d 6, 294 N.E.2d 293), and (3) a testamentary gift in clear terms cannot be taken away or diminished by subsequent words that are not clear and decisive (*e.g., Schloesser v. Schloesser*, 329 Ill.App. 604, 70 N.E.2d 346); our conclusion that the provision "shall at no time sell" does not operate to preclude transfer by *inter vivos* gift rests primarily upon the public policy favoring a strict interpretation of any con-

ditions in restraint of alienation (see *Illinois Christian Missionary Society .v. American Christian Missionary Society,* 277 Ill. 193, 115 N.E. 118; *Murry v. Murry,* 6 Ill.App.2d 410, 127 N.E.2d 875, 876 (abstract opinion)). Our conclusion is buttressed by the strong appeal of the argument of parties defendant that the term "sell" means "sell" not "alienate," "transfer," or "convey." This argument is particularly persuasive since the will was drafted by an attorney and the words "gift," "transfer," and "convey" each appear elsewhere in the joint and mutual will.

We are not here asked to invoke the general rule that "restraints on alienation are void" (*Gale v. York Center Community Cooperative, Inc.,* 21 Ill.2d 86, 171 N.E.2d 30, quoted in *Baker v. Loves Park Savings and Loan Association,* 61 Ill.2d 119, 333 N.E.2d 1), and do not consider the application of that rule proper here in view of Margaret Johnson's having acquiesced in, agreed to, and signed the instrument which expressly limited her right to "sell" the property involved.

■■■ We are unimpressed by the plaintiff's arguments that the defendant Margaret E. Christenson recognized and ratified the plaintiff's "vested remainder" in the probate proceedings and tax reports she filed during the closing of the estate of Lewis H. Johnson. Under no conceivable interpretation of the joint and mutual will was ·plaintiff given a vested remainder. It is well settled that a devise by a joint tenant, who is survived by other joint tenants, is not effective to pass any title to the real estate in joint tenancy for the reason that the title immediately passes by operation of law to the survivor or survivors (*Eckardt v. Osborne,* 338 Ill. 611, 170 N.E. 774), and the title of the coproprietor by survivorship takes precedence over the claim of a devisee (*Klajbor v. Klajbor*). In the instant case, therefore, the joint instrument was ineffective at the death of Lewis H. Johnson to devise any interest in the jointly owned property of the plaintiff. (See *Bonczkowski v. Kucharski,* 13 Ill.2d 443, 451, 150 N.E.2d 144.) The plaintiff was a third party beneficiary to the contractual agreement between the testators and not the recipient of a vested remainder in fee. The plaintiff's contractual interest could not ripen into a vested remainder as a result of any of the actions attributed to defendant Margaret E. Christenson by the plaintiff. We are equally unimpressed with the argument that a restrictive interpretation of the term "sell" permits parties defendant to contravene the intention of the testators by subterfuge. While the possibility of defeating this limitation by subterfuge exists, the plaintiff must attack the actual act of subterfuge not the mere possibility thereof. Consequently, we find these, and other arguments advanced by the plaintiff manifestly insufficient to overcome the presumption that the word "sell" should be given

its ordinary and natural meaning (*e.g., Feder v. Luster*) and the public policy favoring a strict interpretation of any conditions in restraint of alienation (see *Illinois Christian Missionary Society v. American Missionary Society; Murry v. Murry*).

■■■■ We, therefore, find that the trial court erred in granting the relief requested by the plaintiff without making a determination that the property in question was transferred by sale and not by *inter vivos* gift. Due to the fact that the trial court excluded all evidence concerning the circumstances surrounding the transfer we have no alternative other than to remand this cause with directions that both parties be permitted to proffer any relevant evidence concerning the circumstances surrounding the transfer. Parol evidence can always be introduced to show the true consideration of a deed although it may not be the same as that recited in the deed (*Wright v. Buchanan,* 287 Ill. 468, 123 N.E. 53; *Robbs v. Illinois Rural Rehabilitation Corp.,* 313 Ill.App. 418, 40 N.E.2d 549) provided that such showing does not change or defeat the legal operation and effect of such deed as a conveyance (*Hagen v. Lehmann,* 317 Ill. 227, 148 N.E. 57; *Fleming v. Reheis,* 275 Ill. 132, 113 N.E. 923). Since the evidence proffered by parties defendant is not offered in an attempt to invalidate the deeds in question or otherwise diminish or vary the obligations of any written covenant contained in such deeds, but rather to explain the circumstances surrounding the transfer, such evidence should be admitted. Such evidence includes, but is not limited to, the testimony of witnesses concerning the consideration paid or received and the gift tax returns allegedly filed by defendant Margaret E. Christenson. If after receiving such evidence and hearing arguments thereon, the trial court concludes that the transfer was an *inter vivos* gift then the relief requested by the plaintiff must be denied. If, on the other hand, the trial court finds that the transfer was a sale, *i.e.,* the exchange of property for good and valuable consideration, then the trial court may properly cancel and set aside the deeds as requested by the plaintiff in its complaint. The trial court is, however, unauthorized to declare the respective interests of the parties, or enjoin future conveyances, in any manner which is inconsistent with this opinion. Contrary to the provisions contained in the trial court's decree, the plaintiff is merely a third-party beneficiary to the contractual agreement between the two cotestators. Consequently, any relief granted the plaintiff must be predicated upon the contract, which, in view of its nature and effect, is to be strictly interpreted.

On the basis of the foregoing discussion the decree entered by the circuit court of Clinton County is reversed and this cause is remanded

for further proceedings consistent with this opinion. This conclusion obviates the need to discuss the other issues raised by parties defendant.

Reversed and remanded with directions.

KARNS and G. MORAN, JJ., concur.