ELLEN GRIFFITHS

*v.*

EDWARD GRIFFITHS *et al.*

*Opinion filed October 25, 1902.*

1. WILLS—*will construed as passing life estate to widow.* The language, "I give, devise and bequeath to my said wife, Ellen Griffiths, all my real estate," etc., passes a life estate only, where the next clause provides that after the death of the wife "it is my will and I do hereby direct that all the residue and remainder of said estate shall be divided in equal shares, share and share alike, excepting, however, such donations as my wife shall deem fit and proper to make, between my brethren, * * * and in case of death of my said brethren before the decease of my said wife, Ellen Griffiths, then and in that case their respective shares shall go to their respective legal heirs and next of kin in equal shares."

2. SAME—*power of disposition does not convert a life estate into a fee.* If it appears from the whole will that but a life estate was given, even an absolute power of disposition will not have the effect to convert the estate into a fee simple title.

3. SAME—*effect of unqualified gift of personal property.* If a gift of personal property by a particular clause is unqualified, the court cannot look to other parts of the will to determine whether a less estate be limited by express words, by construction or by operation of law, as may be done in the case of a devise of real estate.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. .

DAVID FALES, for appellant.

MORAN, MAYER & MEYER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This proceeding in chancery was begun by Ellen Griffiths, widow of William Griffiths, deceased, in the superior court of Cook county, against Edward Griffiths and others, to construe the will of her husband, William Griffiths, who died April 18, 1895, and to remove a cloud upon her title to certain real estate in Chicago which had been devised to her by that will.

The will, after providing for the payment of certain debts and legacies, gives all the personal property to the wife, "for her own and sole use forever," and then provides:

"*Fifth*—I give, devise and bequeath to my said wife, Ellen Griffiths, all my real estate, with improvements thereon, situate in the county of Cook and State of Illinois, and described as follows, to-wit: (describing it.)

"*Sixth*—After the death of my said wife, Ellen Griffiths, and after all my and her just debts have been fully paid and discharged, it is my will and I do hereby direct that all the residue and remainder of said estate shall be divided in equal shares, share and share alike, excepting, however, such donations as my wife shall deem fit and proper to make, between my brethren, Edward Griffiths, Thomas Griffiths and Robert Griffiths, and in case of death of my said brethren before the decease of my said wife, Ellen Griffiths, then and in that case their respective share or shares shall go to their respective legal heirs and next of kin in equal shares."

The bill alleges that by said section 5 complainant was given an estate in fee simple, and that she is enti-

tled to "sell, convey and dispose thereof in fee simple, and is entitled to use and dispose of the proceeds of any sale thereof, absolute and without limitation;" that the devisees mentioned in section 6 claim to be the owners of the real estate, subject only to the life estate of complainant, and that by reason of such claim a cloud exists upon complainant's title, preventing her from disposing of the property; that at the time of her husband's death a part of the property was encumbered by a mortgage which is now past due, and that the holder thereof is threatening to foreclose; that by reason of the claim of the defendants she is unable to extend the time of payment, and the property is therefore in danger of being lost. The prayer is that the will be construed to vest the title absolutely in complainant. By an amendment to her bill she asks that the claim of defendants be set aside as a cloud upon her title. Defendants demurred to the bill generally, and upon the hearing it was dismissed.

The complainant claims nothing, in her bill, under the language in the sixth clause, "excepting, however, such donations as my wife shall deem fit and proper to make," nor under the language "after all my and her just debts have been fully paid and discharged," therefore that language need only be considered in the decision of the case for the purpose of arriving at a proper construction of the will.

All will agree that the language used in section 5 could not, under any consideration, have vested the fee to the real estate in the wife under the common law. It is only by virtue of the provisions of section 13 of chapter 30 of our statutes that she could, under that clause, claim the absolute fee simple title thereto. But that statute, often repeated in our decisions, is: "Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, *if a less estate be not lim-*

*ited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law."* (Starr & Cur. Stat. 1896, p. 925.) It seems too clear for argument that by the sixth clause a less estate than a fee simple title of inheritance is devised, both by express words and by construction and operation of law. That clause expressly says: "After the death of my said wife, Ellen Griffiths, * * * it is my will and I do hereby direct that all the residue and remainder of said estate shall be divided in equal shares," etc. That these two clauses together vest in the wife but a life estate has been decided by this court many times. The power of disposition here given,—that is, to make donations,—cannot be held to have the effect of enlarging the estate given by the fifth clause into a fee,—first, because it is not an absolute, unqualified power of disposition; and second, because even an absolute power of disposition, where it appears from the whole will that but a life estate was given, will not have the effect to convert the estate into a fee simple title. Usually this latter rule is applied to cases in which the life estate is given in express terms, but in the case of *Hamlin* v. *United States Express Co.* 107 Ill. 443, the will provided: "After the payment of my just debts and funeral expenses, I give, devise and bequeath all my estate, real and personal, of whatever kind and wherever situated, to my wife, Lucinda Woods, for her own use and benefit, with full power to hold, use, enjoy or dispose of the same in any manner she may choose; and if she so desires, she shall have full power and authority to convey any and all of my real estate by absolute conveyance in fee simple. After the death of my wife, Lucinda Woods, it is my will that all my real estate which shall not have been conveyed by her shall be sold at the best advantage, and in such manner as shall seem for the best interest of said estate, and of the proceeds of said sale it is my will," etc., stating to whom the proceeds shall be given. Here, it will be seen, the will does

not, by express terms, limit the estate of the wife for life, but we said (p. 449): "The language of this will is such as to leave no rational doubt that it was intended the wife of the testator should take a life estate, with power of disposing of and conveying the fee, and that the specific legatees should take the remainder. The wife is given everything, with full power to use, enjoy and dispose of the same, and convey the real estate by absolute conveyance in fee simple. This, if unqualified, would, of course, vest a fee simple in the real estate, but being qualified, in order to give the language of the qualification any effect this language must be restricted to the life of the wife of the testator." In other words, it was there held that although the power of disposition was full and absolute, yet it did not have the effect to enlarge the wife's estate into a fee.

It is a familiar rule that in the construction of wills every part of the instrument must be considered and effect given to the intention of the testator. To say that the intention of the deceased husband was to give his wife the absolute fee simple title to his real estate because he gave her the power to dispose of it by donation is unreasonable. If he intended her to have the property in fee, she needed no power from him to dispose of it by donation or otherwise,—and this he must be presumed to have known and understood. The language of this sixth clause, which seems to give the widow the power to dispose of the real estate by donations, is peculiar, but construing it at this time solely for the purpose of determining whether it can be given the effect of enlarging the life estate of the widow into a fee, it may be treated as an absolute and unqualified power of disposition by sale, conveyance or by will.

Our conclusion then is, that all that the defendants are alleged to have claimed in this property was fully justified and sustained by the will. In other words, by the will, under the allegations of this bill, they are the

owners of the real estate therein mentioned, subject only
to the life estate of the complainant, and therefore their
claim is not a cloud upon the complainant's title.   A
cloud "is the semblance of a title, either legal or equita-
ble, or a claim of an interest in lands appearing in some
legal form, or which is, in fact, unfounded, or which would
be inequitable to enforce." (*Rigdon* v. *Shirk*, 127 Ill. 411.)
This conclusion is in no way inconsistent with the admis-
sion that the fourth clause gives the wife the personal
property absolutely, as seems to be argued by counsel
for appellant.   The sixth clause, in using the language
"residue and remainder of said estate," refers to the real
estate, and not the personalty.   No technical words were
necessary at common law, nor are they made so by our
statute, to convey, by will, personal property.   The gift
of personalty by the fourth clause being an unqualified
gift, the court cannot look to other parts of the will to
determine whether a less estate be limited by express
words, by construction or operation of law.   But this is
not true of a devise of real estate, as we have seen.

The record shows that but two of the defendants ap-
peared in the court below and demurred to the bill, and
it is insisted that it was error to dismiss it as to all the
defendants.   The demurrer by the two defendants made
an issue upon the bill, which, being sustained, left noth-
ing to be decided by the court.   It does not appear that
the complainant asked that it be retained as to the de-
fendants not appearing, for the purpose of determining
any rights personal to them, and it is perfectly clear that
the complainant could have no equities against them dis-
tinct from her rights against those who did not appear.
The court having determined that upon the face of the
bill the complainant was not entitled to the relief prayed,
might of its own motion have dismissed it.

The decree of the superior court is right, and it will
be affirmed.                                *Decree affirmed.*