(No. 27648.—

JOHN GRUBMEYER *et al.,* Appellees, *vs.* ERICH MUELLER *et al.,* Appellants.

*Opinion filed January 20, 1944—Rehearing denied March 20, 1944.*

. ROBERTSON & CONLEY, and W. E. KNOWLES, both of East St. Louis, for appellants.

J. FRED GILSTER, of Chester, and FEIRICH & FEIRICH, of Carbondale, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiffs, John Grubmeyer, Minnie Sprague and Marie Kuehnert, who are the appellees in this case, brought a suit in ejectment against the defendants, Erich Mueller and William Koch, for certain real estate. The plaintiffs also filed an affidavit of common source of title through

the will of one Ferdinand Kloepper. The defendants filed a motion for judgment which was denied. After answers were filed, the defendant Mueller filed a counterclaim in equity which was answered by the plaintiffs in the cause. Judgment was entered in favor of the plaintiffs in the ejectment suit for an undivided one-half interest in the premises described in the complaint, which the court found the plaintiffs owned in fee simple and ordered that writ of possession issue. The court also found that Mueller had not maintained the allegations of his counterclaim, and by decree dismissed the same for want of equity. From this judgment and decree the defendants bring the appeal to this court.

The facts are set forth in the pleadings and also by stipulation. The stipulation of facts shows that the premises in question were owned by Ferdinand Kloepper in fee simple during his lifetime; that he died on April 6, 1899, leaving a last will which was duly probated in the probate court of Jackson county; that upon his death his wife, Margrette Kloepper, took possession of said premises and continued in such possession until the year 1920; that shortly after the death of Kloepper, his wife married the defendant, Erich Mueller, and she, together with Mueller, executed a mortgage on the premises to the Red Bud Trust Company to secure a note for the sum of $6000 dated August 23, 1919; that said mortgage was foreclosed in the circuit court of Jackson county by decree entered at the September term, 1920, of said court. The court found that Mueller and his wife owed the trust company $6383 and decree of foreclosure was entered. The master in chancery of said court sold the premises described in the mortgage on December 23, 1921, to one Whitney Gilbreath for the sum of $7344.15. The sale was approved by the court January 9, 1922, and a deed issued to the purchaser, Whitney Gilbreath, on the same date. The stipulation further shows that Whitney Gilbreath conveyed the property

by quitclaim deed on June 21, 1922, to the defendant, Erich Mueller; that Lena Gripmire, whose correct name was Lena Grubmeyer, died about 1900; that she was a sister of Ferdinand Kloepper and is the same person named in his will; that she left the plaintiffs as her only heirs-at-law; that Henry Meisner, named in the will of Ferdinand Kloepper, died in the year 1900. The stipulation further showed a table of heirship disclosing who were the heirs-at-law of the said Henry Meisner. The defendant, William Koch, was a tenant under Mueller. These facts are also shown in the complaint, the special plea of affirmative defense, the counterclaim and other pleadings.

The plaintiffs averred in their complaint that under the will of Ferdinand Kloepper, his wife, Margrette Kloepper, took only a life estate in the premises; that the mortgage executed by herself and her husband to the Red Bud Trust Company conveyed only her life estate. They further aver that on the death of Margrette Mueller, title to the real estate in controversy became vested in the heirs of Lena Gripmire and Henry Meisner and that plaintiffs are the children and only heirs-at-law of the said Lena Gripmire.

The special plea of affirmative defense and the counterclaim alleged that Mueller was the owner of the premises by virtue of the deed from Gilbreath; that by the first paragraph of the third clause of the will, Margrette Kloepper was given a fee-simple title to the real estate and that by the second paragraph of the third clause of the will she was also given the power to sell said property. By his counterclaim filed in equity, Mueller brought in the heirs of Henry Meisner as parties, in order to avoid a multiplicity of suits and in order to remove the cloud on his title to the premises created by the plaintiffs claiming title to the real estate and bringing their suit in ejectment. He asked for a construction of the Ferdinand Kloepper will and that the title to the property in controversy be quieted in him. He also alleged that if the plaintiffs had

any interest in the property, it was an undivided one-half interest, which was subject to the rights of Mueller for improvements placed on the premises after he purchased the same, amounting to $4000.

The controversy in the cases arises over the construction of the third clause of the Ferdinand Kloepper will which is as follows:

"Third, all the rest and residue of my estate, real, personal and mixed of which I may at the time of my death be seized, possessed or in any wise entitled, I give, devise and bequeath unto my wife, Margrette Kloepper.

"At her death, all of this inheritance whatsoever there may be remaining is to be divided equally between the heirs of my sister Lena Gripmire, nee Kloepper, and Henry Meisner (brother of my wife)."

If it be determined that by the first paragraph of the third clause of said will Margrette Kloepper was given a fee-simple title to the real estate or that she was by the second paragraph of the third clause of said will given the power to sell said property, then the judgment in ejectment and the order dismissing the counterclaim for want of equity should be reversed. If, on the other hand, it be held that the third clause of said will created in the wife, Margrette Kloepper, only a life estate without any power of sale of the real estate, then the judgment and decree of the circuit court should be affirmed.

Standing alone, it will be conceded that by the first paragraph of the third clause of Ferdinand Kloepper's will an estate in fee simple to all of his property, real, personal and mixed, was devised and bequeathed to his wife, Margrette Kloepper. The argument arises over the language of the second paragraph providing that, at her death, "all of this inheritance whatsoever there may be remaining" is to be divided between the heirs of Lena Gripmire and Henry Meisner and whether or not such language resulted in reducing the estate to an estate less than a fee.

The appellants do not seriously assert, and we believe it cannot be successfully contended, that, under the will of her husband, Margrette Kloepper became seized of a fee-simple title to the property of her husband. (*Griffiths* v. *Griffiths,* 198 Ill. 632; *Gahan* v. *Golden,* 330 Ill. 624.) They do insist, however, that the language in the will definitely means that the first taker has the right to sell and dispose of the property; that Margrette Kloepper having sold all the property in her lifetime, there was none of the inheritance remaining at her death. In support of their position the appellants rely mainly on the cases of *Henderson* v. *Blackburn,* 104 Ill. 227; *In re Estate of Cashman,* 134 Ill. 88, and *Keiser* v. *Jensen,* 373 Ill. 184. This court has held, in construing wills of this character, that the sole object of inquiry is the intention of the testator and that every part of the instrument will be scrutinized to discover that intention. *Bender* v. *Bender,* 292 Ill. 358.

The *Henderson case* is a leading case in Illinois on this question. There the testator gave to his wife "all of my estate, both real and personal, to have and to hold, or to dispose of so much of the same as she may need, or wish to use, during her lifetime. *Third*—And after her death, if there is anything left, it is my will that whatever there may be left shall be divided equally," etc. In that case it was held that the broad and express power of disposal gave the widow the power to convey the fee. It was stated in that opinion, however, "The words in the third clause of the will, 'and after her death, if there is anything left,' imply a power of disposition by the widow of the whole property devised. There are cases which hold where, by will, there is given a life estate in real and personal property, and there is a devise over in somewhat similar phrase as the above, as in *Siegwald* v. *Siegwald,* [37 Ill. 430,] 'what may be left,' in *Green* v. *Hewitt,* 97 Ill. 113, and *Giles* v. *Little,* [104 U. S. 291,] above, 'or whatever remains,' that those words are to be limited to the personal

estate, and do not apply to the real estate; or, as in *Blanchard* v. *Blanchard*, 1 Allen 223, that the words meant the property left after the life estate had terminated. But the words here used, 'if there is anything left,' do not admit of such construction." It is apparent that the court distinguished the language used in that will from phrases such as "what may be left" and "or whatever remains."

In the *Cashman case*, 134 Ill. 88, the testator devised to his wife for life certain real estate and personal property, in lieu of dower and homestead, and provided that she might elect to have the land sold with other land, and accept in lieu thereof $3000 in money, to be accepted and held by her during her natural life. The will further provided that after her death, all of the said property to her devised and bequeathed (or so much thereof as may remain unexpended) be converted into money and divided among his children. The widow elected to take the money and the court held that she might expend the money during her lifetime, as the use of the word "unexpended" clearly upheld the power to use the money as she saw fit.

In *Keiser* v. *Jensen*, 373 Ill. 184, the will of Frank Keiser provided as follows: "*Second.* After the payment of such funeral expenses and debts, I give, devise and bequeath to my wife Anna B. Keiser all of my property both real, personal and mixed of what nature and kind soever and wheresoever the same shall be at the time of my death. *Third.* If at the decease of my wife, Anna B. Keiser, there should be any real estate or personal property left it is my request that it be divided between my two children, George W. Keiser and Mabel E. Keiser Jensen, to share and share alike." It may readily be seen from the language of such will that the clause using the words "if there should be any real estate or personal property left" indicated that the widow had power to sell both real and personal estate.

In each of the three cases there is language used from which the court could construe the intention of the testator to give a power of disposal to the owner of the life estate, but such language is lacking in the Kloepper will. The latest expression of this court construing wills of this character was *In re Estate of Fahnestock,* 384 Ill. 26.

Cases in Illinois supporting the statement in the *Henderson case* that phrases such as "what may be left" and "or whatever remains" are to be limited to personal property only and do not apply to real estate are numerous. In *Strickland* v. *Strickland,* 271 Ill. 614, the testator gave all of his property to his wife for life "she to have absolute control of same during her lifetime." After her death "all of the property remaining" was to be divided among his children. It was contended that the giving the widow absolute control of all the property for life was intended to give the wife the implied power to sell any of the personal property and to sell and convey the real estate and use as much of the proceeds as she desired during her life. The court said: "With this we do not agree. It has long been the established law that a power of sale attached to a life estate will not have the effect to enlarge it into a fee. (*Welsch* v. *Belleville Savings Bank,* 94 Ill. 191; *Henderson* v. *Blackburn,* 104 id. 227; *Kaufman* v. *Breckinridge,* [117 Ill. 305].) Moreover, there are no words in the will that specifically give her the power to sell or dispose of either the real or personal property, except the household goods and other similar chattels. She was to have the use and absolute control, but reading the entire will together, in view of all the facts in this case, we do not think the testator intended to give her any power of sale. Appellee has no authority to dispose of the fee in the real estate, nor has she the right to use the *corpus* of the property, except the household goods and other similar chattels. See *Thompson* v. *Adams,* 205 Ill. 552."

In *Welsch* v. *Belleville Savings Bank,* 94 Ill. 191, a testator devised all of his estate to his wife "for her own free, independent and uncontrollable use and benefit for the term of her natural life" and provided that his grandchild "shall receive [certain property] from the estate she may leave at her death." It was there asserted that the latter expression was intended to give the widow power to dispose of the entire estate in such manner as she might think proper. However, the court held that such language did not create a power of disposition by the widow; that it would be limited to personal property which was disposable but that she had no right to convey the fee to real estate.

In *Catlett* v. *DeRousse,* 310 Ill. 343, it was said, "Where the gift over is simply of 'the residue' or 'what remains,' then no power to dispose of the fee is expressed."

In *Quigley* v. *Quigley,* 370 Ill. 151, the will devised the property to a brother for life and provided after the death of the brother "whatever is left of my estate be divided among my four nephews." It was argued that the words, "whatever is left," show an intention to create a power of disposal. The court held that there was no provision either preceding or following the words "whatever is left" which indicated any purpose of the testatrix to vest a power of sale or disposal in the brother.

Other cases adopting and confirming this same principle are *Ward* v. *Caverly,* 276 Ill. 416, and *Pratt* v. *Skiff,* 289 Ill. 268. We do not find any express words in the Kloepper will which invest the widow with the power to expend, sell or dispose of any of the real estate, in which she is only given a life estate.

Appellants also urge that the insufficiency of subject matter to create a trust in favor of the heirs of Lena Gripmire and Henry Meisner is a bar to the plaintiffs' cause of action, citing, in support thereof, *Mills* v. *Newberry,* 112 Ill. 123. In that case there were express words demand-

ing that the donee dispose of the estate by will in favor of another. In the present case there are no words of command, entreaty, recommendation or other precatory words used in the will and no attempt to create a trust. We believe the *Mills case* is, therefore, not applicable.

The appellees were entirely warranted in bringing a suit in ejectment here because the defendant Mueller was in the exclusive possession of the premises and denied the plaintiffs any rights as cotenants. *Lundy* v. *Lundy*, 131 Ill. 138; *North* v. *Graham*, 235 Ill. 178.

Believing that the will of Ferdinand Kloepper, by the third clause thereof, gave to his wife, Margrette Kloepper, only a life estate and the heirs of Lena Gripmire and Henry Meisner the remainder in fee, that the widow, as such life tenant, had no power of disposal of the real estate, and, also, that upon her death the appellees became the owners in fee simple of an undivided one-half of the land in controversy, the judgment and decree of the trial court are affirmed. *Judgment and decree affirmed.*