(No. 48212.—

FIRST UNITED PRESBYTERIAN CHURCH, Appellant, v. MARGARET E. CHRISTENSON *et al.,* Appellees.

*Opinion filed Oct. 1, 1976.—Rehearing denied Nov. 12, 1976.*

James B. Wham, of Wham & Wham, of Centralia, for appellant.

August A. Grundei, of Chicago, for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants, Margaret E. Christenson, formerly Margaret E. Johnson (hereinafter defendant), and August A. Grundei, Rosemary Springer, Helen Mae Clark and Nancy

Joan Valles (hereafter collectively defendants Grundei) appealed from the decree of the circuit court of Clinton County setting aside and canceling two warranty deeds executed by defendant and her husband Harold J. Christenson purporting to convey two parcels of real estate to the defendants Grundei. The appellate court reversed and remanded (33 Ill. App. 3d 928), and we allowed plaintiff, First United Presbyterian Church's, petition for leave to appeal.

On September 17, 1963, Lewis H. Johnson, now deceased, and defendant, then husband and wife, executed their joint and mutual will. Paragraph "First" provided for the payment of debts and funeral expenses and directed that estate and inheritance taxes be paid from "our general estate." Paragraph "Second" was a mutual general and all-inclusive devise and bequest by each of them to the other of "all the rest, residue and remainder of our estate, respectively, both real, personal and mixed ***." Paragraph "Third" provided:

> "After the decease of both of us, it is our will, and the will of each of us, and we, and each of us, do and does direct that all of the estate which we, or either of us, shall own or be entitled to at the time of our deaths, or the death of the survivor of us, both real, personal and mixed, of whatsoever kind and nature and wheresoever the same may be situate, shall go and be paid over, delivered, transferred and conveyed as follows:"

Subparagraph (a) under "Third" concerned personalty not involved in this litigation. Subparagraph (b) devised two parcels of real estate to the "First United Presbyterian Church of Centralia, Illinois," the plaintiff in this action, and imposed certain limitations both upon plaintiff's right to sell the real estate and upon the use of any rental income derived therefrom. In subparagraph (c) a general devise and bequest of all the rest and residue of their property, "share and share alike" was made to the defendants Grundei, the children of defendant's sister, Irene Grundei. Subparagraph (d) provided:

"It is our will that in the event Lewis H. Johnson shall become deceased first that Margaret E. Johnson shall at no time sell the real estate listed in paragraph Third (b) above, but can sell any of the other real estate. In the event that Margaret E. Johnson shall become deceased first then Lewis H. Johnson can sell the real estate listed in paragraph Third (b) above and any other real estate located outside of Clinton County, Illinois, but shall not sell any other property in Clinton County, Illinois."

The record does not show that the parties, jointly or severally, owned real estate situated anywhere other than Clinton County. After appointing each other executor of their respective estates and nominating an executor for the estate of the survivor of them, the will provided:

"Lastly: This joint will is made in pursuance of a contract or agreement between us for the purpose of disposing of all of our property, whether owned by us as joint tenants, as tenants in common or in severalty, in the manner hereinabove, in this, our Last Will and Testament provided."

Lewis Johnson died on October 22, 1964. The joint and mutual will was admitted to probate and letters testamentary were issued to defendant. So far as the record shows, except for "household furnishings and personal items" owned solely by the deceased Lewis H. Johnson and valued at $500, all the property owned by the testators, both real and personal, was held by them in joint tenancy.

On April 25, 1967, defendant and Harold J. Christenson, her husband, executed two warranty deeds conveying the real estate described in subparagraph (b) of Paragraph "Third" of the will to the defendants Grundei. This action was filed on October 27, 1972, and plaintiff alleged in the complaint that it did not learn of the conveyances until October 3, 1972. As relief, plaintiff asked that the deeds be set aside and that "plaintiff be decreed to be the owner thereof [the described real estate] subject to the life estate of the defendant, Margaret E. Christenson." The circuit court found that defendant had a "life estate only" in the

real estate, that the plaintiff owned the real estate in fee simple, subject only to defendant's life estate and to the limitations imposed under the will upon plaintiff's right of sale and use of income and that the deeds from the defendant-grantor to the defendant-grantees were null and void. It ordered the deeds set aside, permanently enjoined defendant from conveying or encumbering the real estate and enjoined the defendants Grundei from claiming any right, title or interest in the real estate.

The appellate court reversed, holding that the contractual agreement in the joint and mutual will did not sever the joint tenancy in the real estate; that the defendant, as surviving joint tenant, took title to the real estate by operation of law and not under the will, and that she took title subject to the contract in the will; that the plaintiff acquired no interest in the property under the will but that it was a third party beneficiary under the contractual agreement embodied in the will; that the provision in subparagraph (d) "that Margaret E. Johnson shall at no time sell" the real estate did not operate to preclude transfer by *inter vivos* gift for the reason that public policy favors a strict interpretation on any condition in restraint of alienation and a strict interpretation of "sell" is that it means "sell" not "alienate," "transfer," or "convey." The appellate court remanded the cause to the circuit court with directions to determine what consideration, if any, was given for the deeds; that if the conveyances were made to effect a sale, to set aside the deeds, but that if it found that they were made to effect a gift, to deny the relief prayed by plaintiff.

The decision of the questions presented requires that we determine first the effect of the joint and mutual will upon the joint tenancy, and the ownership of the real estate following its probate. Plaintiff contends that the joint and mutual will effected a severance of the joint tenancy, that title to the real estate passed under the will and that it has a vested remainder therein subject to the

life estate of defendant. We do not agree. Neither the execution of the joint and mutual will (*Jerzyk v. Marciniak,* 10 Ill. 2d 529, 533) nor its probate upon the death of Lewis H. Johnson effected a severance of the joint tenancy. (*Bonczkowski v. Kucharski,* 13 Ill. 2d 443, 451.) Assuming, *arguendo,* severance of the joint tenancy, the will did not and cannot serve to pass title to the undivided one-half interest already held by the defendant surviving joint tenant until her death and the second probate of the will. (See *Bonczkowski v. Kucharski,* 13 Ill. 2d 443.) Plaintiff argues that because defendant, as executor of the estate of her deceased husband, filed an inheritance tax return showing that the remainder had passed to plaintiff subject to her life estate, she is estopped from asserting a claim to any greater interest. The inheritance tax assessment did not serve to adjudicate the rights of parties, and defendant is not estopped from now claiming a greater or different interest. *Strauss v. Strauss,* 363 Ill. 442, 452.

Although title to real estate held in joint tenancy does not pass under a joint and mutual will (see *Bonczkowski v. Kucharski,* 13 Ill. 2d 443, 451), such real estate can be the subject of a contractual agreement contained in a joint and mutual will and a court of equity, under appropriate circumstances, will enforce the agreement and limit the surviving joint tenant's disposition of the property. (*Helms v. Darmstatter,* 34 Ill. 2d 295; *Jusko v. Grigas,* 26 Ill. 2d 92; *Tontz v. Heath,* 20 Ill. 2d 286; *Bonczkowski v. Kucharski,* 13 Ill. 2d 443.) Paragraph "Lastly" of this will provided explicitly that the testators had entered into an agreement for the express purpose of disposing of all of their property "whether owned by us as joint tenants, as tenants in common or in severalty, ***" and plaintiff, as the third party beneficiary of the contract contained in the joint and mutual will, is entitled to enforce the contract. *Tontz v. Heath,* 20 Ill. 2d 286, 295.

Defendants agree that the disposition of the real estate in controversy was governed by the agreement contained

in the joint and mutual will, but contend that the provision that "Margaret E. Johnson shall at no time sell the real estate" did not proscribe her conveying it as an *inter vivos* gift.

Although the appellate court agreed with defendants' statement, repeated in their brief filed in this court, that "This unique and esoteric problem comes before this court upon the wings of a will fettered by a contract and complicated by joint ownership" (33 Ill. App. 3d 928, 930), we find it neither unique nor esoteric. The question presented is the far from rare one of what the testators intended and agreed upon in their joint and mutual will. Their intent and agreement are to be determined from a reading of the entire will and not from a single word, phrase or section. In their brief defendants state: "Their [the testators'] intent was, if the survivor did not give the property to the nieces and nephew herein, that the property was to pass to a complete stranger, the plaintiff church. This was to happen, only, if the survivor saw that the nieces and nephew were not 'worthy' to receive the property, during the life of the survivor." We find no basis in the will for this construction.

In *Griffin v. Griffin,* 29 Ill. 2d 354, the court said: "A considerable number of cases have come before this court where an estate is given to one person in general terms without express language, such as 'for life' or 'in fee simple', defining the estate in the first taker followed by subsequent language in the same or another sentence, paragraph or clause of the will giving the property to another 'when', 'at', or 'on' the death of the first taker. This court, in applying the simple rule of interpretation that an instrument will be given effect in all its parts, has viewed the ambiguous character of the first limitation in such a manner that the second limitation can also be given effect, and held that the first limitation creates a life estate, since to hold otherwise would make all the language of the gift over meaningless. [Citations.] " (29 Ill. 2d 354,

357.) Applying the "simple rule of interpretation" enunciated in *Griffin* we hold that under paragraphs "Second" and subparagraphs (a), (b) and (c) of paragraph "Third" of their joint and mutual will, the testators, by contract, created a life estate in the survivor of them in all their property, both real and personal, and so far as is here relevant made gifts over to plaintiff of the described real estate and to defendants Grundei of their residuary estate.

In the absence of an express grant of such authority in the will under which the life estate was created, a life tenant is without power to convey the fee to real estate by sale, *inter vivos* gift or appointment. (See *Grubmeyer v. Mueller,* 385 Ill. 529.) Life estates with the power to dispose of the fee to either all or specifically designated parcels of real estate have long existed in Illinois. (See, *e.g., Jarrot v. Vaughn,* 7 Ill. 132 (1845); *Kaufman v. Breckinridge,* 117 Ill. 305 (1886); *In re Estate of Cashman,* 134 Ill. 88 (1890); *In re Estate of Fahnestock,* 384 Ill. 26 (1943).) The effect of "Third" subparagraph (d) was to empower defendant to "sell any of the other real estate" and it could not serve to impose a limitation on her power to convey the fee to the real estate devised to plaintiff for the reason that no such power was granted her under the will.

It does not follow, however, that the conveyances by defendant to the defendants Grundei are null and void and that the deeds must be set aside. Nothing in the will served to limit defendant's right to convey her life estate and the deeds, given with or without consideration, conveyed to her grantees the estate which she had. *Clark v. Leavitt,* 335 Ill. 184; *Weigel v. Green,* 218 Ill. 227; *Chicago, Peoria & St. Louis Ry. Co. v. Vaughn,* 206 Ill. 234.

For the reasons stated the judgment of the appellate court is reversed and the cause is remanded to the circuit court of Clinton County with directions to enter a decree (a) holding that the defendants August A. Grundei, Rosemary Springer, Helen Mae Clark and Nancy Joan

Valles are the owners of a life estate which terminates upon the death of defendant, Margaret E. Christenson, in the real estate described in paragraph "Third" (b) of the joint and mutual will executed by defendant and the deceased Lewis H. Johnson; (b) impressing upon said real estate the right, title and interest therein of plaintiff First United Presbyterian Church of Centralia, Illinois; and (c) enjoining said defendants August A. Grundei, Rosemary Springer, Helen Mae Clark, Nancy Joan Valles, or any one of them, from executing any deed, lease, mortgage or other instrument affecting the title to said real estate in a manner inconsistent with their interests as owners of the life estate in said real estate.

*Reversed and remanded,*
*with directions.*